IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM JOSEPH PHILLIPS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 05-0131-WS-M |
| ) | |
| OFFICER B.E. IRVIN, ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter comes before the Court on defendant Officer B.E. Irvin's Motion in Limine (doc. 66) to preclude the plaintiff from introducing evidence of alleged prior bad acts by defendant at trial. The Motion has been briefed and is ripe for disposition.

**I.     Relevant Background.**

Plaintiff, William Joseph Phillips, asserts claims against defendant, Officer B.E. Irvin, arising from defendant's arrest of Phillips on March 4, 2003 at a truck stop on Highway 43 in Axis, Alabama. In particular, Phillips contends that defendant, an Alabama State Trooper, became agitated when Phillips (who owned the truck stop) asked Trooper Irvin to move his vehicle from the entrance to the business while Trooper Irvin inspected a log truck at that location. After heated discussion, Trooper Irvin arrested Phillips for obstructing governmental operations, in violation of Ala. Code § 13A-10-2. Plaintiff's position is that, in effecting the arrest, Irvin treated him shabbily by striking Phillips's left hand hard with the handcuffs, cuffing his wrists behind his back so tightly that Phillips sustained permanent physical disability, jerking Phillips up forcibly by the chain on the cuffs even though Phillips was not resisting, striking Phillips's head on the door jamb of his patrol vehicle as he pushed Phillips into the car, and ignoring Phillips's repeated cries that the cuffs were hurting him for approximately 20 minutes. Based on these allegations, Phillips sues Trooper Irvin under 42 U.S.C. § 1983 for violating his Fourth Amendment right to be free from excessive force, and also brings state-law claims for negligence, wantonness, willfulness, and assault and battery, all relating to the alleged use of excessive force. This action is set for jury trial on July 31, 2007.

The current iteration of plaintiff's Exhibit List (doc. 75) recites among plaintiff's proposed trial exhibits certain documents from Trooper Irvin's personnel file pertaining to the following: (a) a complaint/violation relating to a July 10, 2002 incident in which Trooper Irvin did not inform a dispatcher of his location after a vehicular stop and did not promptly advise the dispatcher that the situation was under control; (b) a complaint/violation relating to an April 18, 2002 incident in which Trooper Irvin pepper-sprayed a suspect, even though there were no acts of aggression toward Trooper Irvin, after which Department of Public Safety officials determined that he had overreacted and had used more force than could be justified; (c) a memorandum dated October 17, 2000 in which Trooper Irvin recorded his written objections to his performance evaluation; (d) a complaint/violation relating to an April 27, 2004 incident in which Trooper Irvin, while in uniform, engaged in multiple verbal altercations with a parking attendant near the Mobile County Courthouse after the attendant issued a parking ticket for his patrol unit being parked in the wrong direction; and (e) two reprimands from August 2004 through which the Department of Public Safety suspended Trooper Irvin for five days without pay based on the parking ticket incident and a previous incident in which he had been verbally belligerent with medical staff at the Providence Family Medical Clinic while in uniform.  (Doc. 43, Plaintiff's Exh. 10, at 25-26, 39, 80, 84-87.)  Defendant filed a Motion in Limine seeking to preclude plaintiff from introducing any of these materials into evidence at trial.  Together, the parties have devoted nearly 40 pages of briefing to this singular evidentiary issue.

## II.   Analysis.

Defendant's Motion in Limine attacks plaintiff's anticipated use of this evidence under six different rules in the Federal Rules of Evidence, including Rules 401, 403, 404(b), 405(b), 608(b), and 611(a).

### *A.   Rule 404(b).*

Although defendant couches the Motion in Limine as including separate objections under Rule 401 for relevance, under Rule 403 for the probative value of the evidence being substantially outweighed by the danger of unfair prejudice, and under Rule 404(b) for admissibility of other wrongful acts evidence, the Rule 404(b) analysis specifically incorporates and is necessary to an evaluation of the Rule 401 and Rule 403 issues; therefore, the first three rules cited by defendant's Motion collapse into a consolidated inquiry under Rule 404(b).

Rule 404(b) provides, in relevant part, as follows: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*  In this Circuit, a party seeking to admit evidence of other wrongs must satisfy a three-pronged test, to-wit: (1) the evidence must be relevant to an issue other than the adverse party's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s); and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must otherwise satisfy Rule 403.[1]  *See, e.g., United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007); *United States v. Eckhardt*, 466 F.3d 938, 946 (11th Cir. 2006); *United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005).[2]

With regard to the first prong of the Rule 404(b) test, plaintiff contends that the challenged evidence of other misconduct is relevant to evince Trooper Irvin's intent.[3]  This contention sparked a vigorous debate as to whether intent is even at issue in this action.  As

---

[1]   As for Rule 403 considerations, the Eleventh Circuit has recognized that a district court's discretion to exclude evidence on that basis is "narrowly circumscribed," inasmuch as Rule 403 "is an extraordinary remedy[,] which should be used only sparingly," and that the balance "should be struck in favor of admissibility."  *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006) (citation omitted).

[2]   The Eleventh Circuit has expressed discomfort with construing Rule 404(b) broadly, reasoning that "Courts traditionally have harbored strong misgivings about allowing allegations of past wrongdoing to bias judges and juries reviewing new charges."  *Brooks v. Scheib*, 813 F.2d 1191, 1194 (11th Cir. 1987).

[3]   In his principal brief, defendant cited Eleventh Circuit precedent for the proposition that introduction of extrinsic evidence is improper to prove intent. (Defendant's Brief (doc. 67), at 9 ("The Court in *U.S. v. Matthews*, *supra*, addressed the introduction of extrinsic evidence to prove intent and stated that it is improper.").)  When plaintiff challenged this proposition as an obviously incorrect reading of *Matthews* and the caselaw construing Rule 404(b), defendant replied by denying that it had ever made such an argument and accusing plaintiff of mischaracterizing its brief. (Reply Brief (doc. 82), at 1-2.)  Perhaps the text in defendant's initial brief was an inadvertent slip or a typographical error; either way, however, it is a clearly incorrect statement.  Defendant does not advance his cause by denying having made the misstatement and instead accusing plaintiff of skullduggery.

noted *supra*, plaintiff's claims consist of a § 1983 cause of action for excessive force, as well as related state-law claims. Intent is not an element of a § 1983 Fourth Amendment excessive force claim; to the contrary, the Supreme Court has taken pains to explain that "[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Post-*Graham*, the Eleventh Circuit has emphasized that "the excessive force inquiry should be completely *objective*, therefore excluding consideration of the officer's intentions." *Lee v. Ferraro*, 284 F.3d 1188, 1198 n.7 (11th Cir. 2002); *see also Crosby v. Monroe County*, 394 F.3d 1328, 1333 (11th Cir. 2004) (reasonableness inquiry in excessive force context turns on whether officer's actions are objectively reasonable, "without regard to his underlying intent or motivation"); *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1248 (11th Cir. 2004) (same); *Mazloum v. District of Columbia Metropolitan Police Dept.*, 2007 WL 1141581, *4 (D.D.C. April 17, 2007) ("Intent is ... not a component of a section 1983 claim concerning excessive force during an arrest."). As such, plaintiff's assertion that the evidence of other wrongdoing by Trooper Irvin is relevant to show intent as to the Fourth Amendment excessive force claim is misguided because intent is not an element of that cause of action.[4] Plaintiff

---

[4] In support of his position, plaintiff relies on *O'Neill v. Krzeminski*, 839 F.2d 9 (2nd Cir. 1988), and *Carson v. Polley*, 689 F.2d 562, 572 (5th Cir. 1982). Neither decision bolsters Phillips's argument. For one thing, both predate the Supreme Court's 1989 decision in *Graham*. *See Lee*, 284 F.3d at 1198 n.7 (noting that while Eleventh Circuit's test in Fourth Amendment excessive force cases previously included a subjective prong, "this factor has been eliminated from the analysis by *Graham*"); *Nolan v. Isbell*, 207 F.3d 1253, 1255-56 n.2 (11th Cir. 2000) (explaining that *Graham* rejected the consideration of whether officer acted in good faith, maliciously or sadistically in applying force for Fourth Amendment analysis, even though that factor had previously been a cornerstone of many circuits' § 1983 excessive force analysis). For another, both are Eighth Amendment cases rather than Fourth Amendment cases. The distinction is palpable. *See Graham*, 490 U.S. at 397-98 (rejecting notion that because officers' subjective motivations are of central importance in deciding whether force used against a prisoner violates the Eighth Amendment, it cannot be reversible error to inquire into them in deciding whether force used against an arrestee violates the Fourth Amendment). Although *O'Neill* includes a footnote that a required element of a § 1983 excessive force claim is the intention to use force, that footnote relies exclusively on case law that was no longer good law (at least, in the Fourth Amendment context) after *Graham*. Moreover, the *O'Neill* opinion makes

cannot introduce this evidence to show that Trooper Irvin acted maliciously or sadistically for purposes of the § 1983 excessive force claim because such considerations were excised from the Fourth Amendment excessive force analysis by the Supreme Court in *Graham*. *See Nolan v. Isbell*, 207 F.3d 1253, 1255-56 n.2 (11th Cir. 2000) (in *Graham*, "the Supreme Court rejected the fourth part of a four-part test that many Courts of Appeal, including this Court, had used in analyzing excessive force claims: the consideration of whether the officer acted in good faith or maliciously and sadistically").

      Nor can plaintiff establish the relevance of the "other acts" evidence by contending that it is admissible to show motive. Plaintiff reasons that "the admission of Trooper Irvin's file into evidence to show motive would tend to make more probable Plaintiff's testimony that the officer used excessive force to 'shut him up.'" (Plaintiff's Brief (doc. 79), at 9.) Just as intent is not relevant to the reasonableness analysis in a Fourth Amendment excessive force case, so too is motive outside the realm of that inquiry. *See, e.g., Kesinger*, 381 F.3d at 1248 (determination of whether officer's actions violated Fourth Amendment right to freedom from excessive force is made "without regard to his underlying intent or motivation").

      The Court has carefully reviewed plaintiff's brief for any argument or authority that this "other acts" evidence is relevant to show intent or motive for the state-law causes of action rather than the Fourth Amendment claim; however, the section of plaintiff's brief addressing Rule 404(b) appears couched exclusively in a § 1983 analysis. Conspicuously absent from plaintiff's brief is any discussion of the state-law claims, the elements of same, or the relevance of intent or

---

clear that such footnote represents the view of only one judge on the panel, which severely constrains its persuasive power. As for *Carson*, that case's usefulness is further circumscribed by the fact that the plaintiff was bringing an assault and battery claim under Texas law, as to which intent was an element. The *Carson* court made clear that the extrinsic evidence in question should have been admitted as evidence of intent to commit an assault and battery on the plaintiff, without saying anything about the admissibility of that evidence for the § 1983 claim. *Carson*, 689 F.2d at 572-73 & n.6. Plaintiff also cites *Hooks v. Langston*, 2007 WL 1831800, *5 (S.D. Ga. June 25, 2007), an unpublished decision in which the district court relied on *O'Neill* and *Carson* to find that other acts evidence was relevant to show intent in the § 1983 excessive force context. Because *O'Neill* and *Carson* no longer reflect the state of Fourth Amendment excessive force law after *Graham*, and because *Hooks* in any event involved an Eighth Amendment excessive force claim rather than a Fourth Amendment claim such as that at issue here, the Court also diverges from the analysis in *Hooks*.

motive to such claims. As plaintiff has eschewed any argument that evidence of intent or motive is relevant to the analysis of the state-law causes of action, the Court will not attempt to formulate such an argument for him. *See, e.g., Lyes v. City of Riviera Beach, Fla.*, 126 F.3d 1380, 1388 (11th Cir. 1997) (explaining that "the onus is upon the parties to formulate arguments"); *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it"); *Pinto v. Universidad De Puerto Rico*, 895 F.2d 18, 19 (1st Cir. 1990) ("the court is under no duty to exercise imagination and conjure what a plaintiff might have alleged, but did not, and do counsel's work for him or her").[5]

In short, then, the information presented by the parties is that Phillips intends to use "other acts" evidence to show Trooper Irvin's intent and motive for purposes of proving up his Fourth Amendment excessive force cause of action. Under *Graham* and its progeny, however, an officer's intent or motive is irrelevant to the objective reasonableness analysis that attaches to such causes of action. As a result, the "other acts" evidence from Trooper Irvin's personnel file is not relevant for the purpose identified by Phillips. It is therefore inadmissible pursuant to Rule 401, and fails the first prong of the analysis under Rule 404(b).

### B.    *Other Grounds for Seeking Admissibility.*
#### 1.    *Rule 608(b) Considerations.*

In addition to offering this "other acts" evidence under Rule 404(b), Phillips asserts that evidence pertaining to Trooper Irvin's disciplinary history is admissible for impeachment purposes. To highlight the need for such impeachment evidence, plaintiff points to an excerpt from Trooper Irvin's deposition wherein he repeatedly and unequivocally testified, "I don't have a temper." (Irvin Dep., at 151-52.) Apparently, plaintiff anticipates that Trooper Irvin will testify similarly at trial. Defendant does not contest that assumption. On that basis, plaintiff

---

[5] In addition to the case authorities cited *supra*, the Court notes that it would be unfair to erect such an argument on plaintiff's behalf and then rule on its merits without affording defendant an opportunity to be heard. As defendant points out in his reply brief, plaintiff's "concentration has been exclusively to argue the issues in relation to § 1983 litigation. Further, the plaintiff did not argue against the defendant[']s statements regarding the applicability of intent, except for its applicability to the claim based in § 1983." (Reply Brief (doc. 82), at 8.)

intends to introduce extrinsic evidence of other incidents in which Trooper Irvin has lost his temper in order to impeach such testimony.  In his Motion in Limine, defendant argues that using the "other acts" evidence in this manner would run afoul of Rule 608(b), Fed.R.Evid., which states in relevant part as follows: "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness ... may not be proved by extrinsic evidence."  *Id.*

Binding precedent teaches that Rule 608(b) applies only where the extrinsic evidence in question "is probative only of the witness' general propensity for truthfulness," and not "where it is introduced to disprove a specific fact material to the [party]'s case."  *United States v. Calle*, 822 F.2d 1016, 1021 (11th Cir. 1987); *see also United States v. Rodriguez*, 917 F.2d 1286, 1291 (11th Cir. 1990) ("despite the prohibition of Rule 608(b), extrinsic act evidence should be admitted where it is introduced to disprove a specific fact material to the defendant's case"), *vacated in part on other grounds*, 935 F.2d 194 (11th Cir. 1991); *United States v. Opager*, 589 F.2d 799, 802 (5th Cir. 1979) ("We consider Rule 608(b) to be inapplicable in determining the admissibility of relevant evidence introduced to contradict a witness's testimony as to a material issue.  So long as otherwise competent, such evidence is admissible.").

Phillips contends that he would be using the personnel file evidence not to challenge Trooper Irvin's general propensity for truthfulness, but rather to address the specific issue of "whether or not [T]rooper Irvin may lose his temper and overreact to a member of the public." (Plaintiff's Brief, at 10.)  In support of his position, Phillips relies on *Carson v. Polley*, 689 F.2d 562 (5th Cir. 1982), wherein the plaintiff sought to introduce evidence of a defendant sheriff's deputy's performance report to impeach the defendant's trial testimony that it was "impossible" that he lost his temper on the date in question and that he had never had problems with controlling his temper in dealings with prisoners.  The *Carson* court found that Rule 608(b) was inapplicable and that the district court had abused his discretion in excluding the report, inasmuch as "the likelihood that [the deputy] would lose his temper and overreact to a prisoner was a material issue in the case."  *Carson*, 689 F.2d at 575.  Plaintiff maintains that the *Carson* reasoning is equally applicable here.

Once again, however, plaintiff overlooks the distinction between Eighth Amendment excessive force cases such as *Carson* and the case at bar.   Under *Graham* and its progeny, intent

-7-

is not an element in a Fourth Amendment excessive force claim brought by an arrestee.  In the Eighth Amendment setting for prisoners and detainees, however, intent is very much an issue, even after *Graham*, because "[u]nder the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied in a good faith effort to maintain or restore discipline [and not] maliciously or sadistically to cause harm."  *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) (citation omitted); *see also Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005) (similar).  Given this subjective component to an Eighth Amendment analysis, the *Carson* court quite correctly found that the officer's proclivities for losing his temper and overreacting were material to the case.  But plaintiff cites no authorities extending this aspect of *Carson* to the Fourth Amendment context, in which an objective standard applies and the officer's subjective intent and state of mind are of no consequence.  Under a Fourth Amendment objective reasonableness standard, Trooper Irvin's likelihood of losing his temper and overreacting is not a material issue because his subjective mental state is irrelevant; therefore, Phillips cannot rely on the *Carson* materiality reasoning to circumvent the Rule 608(b) prohibition on use of extrinsic evidence of specific instances of conduct to attack his character for truthfulness.[6]  These documents will not be admissible into evidence to impeach Trooper Irvin's anticipated testimony that he does not have a temper because plaintiff has failed to articulate any basis on which defendant's mental state is relevant to these proceedings.[7]

---

[6]  As with the Rule 404(b) analysis, plaintiff has limited his argument to the federal constitutional claim and has not suggested that this evidence would be admissible on a *Carson* materiality theory with respect to the state-law claims.  The Court will not *sua sponte* explore that question, but will instead confine the analysis to the specific arguments that the parties have actually presented in their extensive briefing on the Motion in Limine.

[7]  In making his Rule 608(b) argument, plaintiff also cites a disciplinary report in Trooper Irvin's personnel file in which his supervisors stated that he had been "less than truthful" in discussing certain disciplinary matters.  Plaintiff argues that he "should be allowed to raise this issue when cross examining Trooper Irvin as it goes directly to his character for truthfulness." (Plaintiff's Brief, at 10.)  Under the clear terms of Rule 608(b), extrinsic evidence cannot be used to prove specific instances of conduct to attack his character for truthfulness.  Plaintiff's counsel may inquire on cross-examination whether Trooper Irvin has been less than truthful in discussing disciplinary matters with his supervisors, but he will be bound by Trooper Irvin's answer because Rule 608(b) forbids him from using extrinsic evidence to provide that specific instance of conduct to attack Trooper Irvin's general character for truthfulness.

### 2. *Rule 404(a) and 405(b) Considerations.*

The parties next spar in their briefs about whether the documents in Trooper Irvin's personnel file may be admitted as character evidence pursuant to Rules 404(a) and 405(b) to the extent that defendant interjects the issue of his character into these proceedings by adducing evidence that Trooper Irvin is an upstanding officer with an excellent record and a history of self-control and emotional stability on the job. The Court declines to issue an advisory ruling on these matters because it is far from clear that defendant intends to present such evidence at trial. That said, the Court notes generally that if a party "opens the door" to a particular line of inquiry by making certain statements in its case in chief, then the other party may be allowed to offer rebuttal evidence to contradict those statements. *See, e.g., Wood v. Morbark Industries, Inc.*, 70 F.3d 1201, 1208 (11th Cir. 1995) (by offering testimony that its wood chipper had the safest length chute possible, defendant opened door for impeachment such that plaintiff should have been allowed to inquire why defendant modified that design after plaintiff's accident); *United States v. Jacoby*, 955 F.2d 1527, 1540 (11th Cir. 1992) (where defendant testified at length about statements in magazine article that government had not been allowed to admit in its case-in-chief, defendant opened door to cross-examination about that article to refute or discredit defendant's direct testimony). This issue will be revisited during the trial, as necessary.[8]

## III. Conclusion.

For all of the foregoing reasons, the Court finds, based on the arguments and authorities presented in the parties' briefs on the issue, that defendant's Motion in Limine (doc. 66) is due to be, and the same hereby is, **granted**. The "other acts" evidence in Trooper Irvin's personnel file is not admissible under Rule 404(b) because intent is not an element of plaintiff's Fourth

---

[8] On a related point, the parties quarrel over whether, in the event that Trooper Irvin does interject the issues of his record as a trooper or his temperament into these proceedings, plaintiff should be able to admit the entire personnel file or only a portion thereof. The Court will not issue an anticipatory ruling on such an issue that may never come to fruition at trial; however, the Court notes that the vast majority of Trooper Irvin's 157-page personnel file has little if any bearing on the specific issues of concern in this case. It is unclear how the entire voluminous personnel file would be helpful to a jury in evaluating the veracity of any statements by Trooper Irvin that he is a fine, upstanding officer with no ill temper, particularly when plaintiff has identified only 8 specific pages therein that would bear directly on that issue.

Amendment excessive force claim.  Nor is that evidence admissible for impeachment purposes, without regard to the strictures of Rule 608(b), because Trooper Irvin's likelihood of losing his temper and overreacting is not a material issue in a Fourth Amendment excessive force context.  That evidence is therefore **excluded** under Rules 401, 404(b) and 608(b).  As for whether and to what extent plaintiff may introduce such evidence if defendant opens the door in its case in chief, the Court declines to speculate as to whether and if so how the defendant might present such evidence at trial, but will address that aspect of the issue at trial as and if appropriate.

DONE and ORDERED this 27th day of July, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE